IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CONNOR BOWE,

                 Plaintiff,

   v.                                                  OPINION & ORDER

EAU CLAIRE AREA SCHOOL DISTRICT,               16-cv-746-jdp
DAVID OLDENBERG, and TIM O'REILLY,

                 Defendants.

---

Plaintiff Connor Bowe is a young man with autism who attended defendant Eau Claire Area School District. He brings suit against the District and two of its principals, defendants David Oldenberg and Tim O'Reilly, alleging that they were deliberately indifferent to the harassment and bullying that he suffered as a student.

Defendants move to dismiss Bowe's complaint under Federal Rule of Civil Procedure 12(b)(6), contending that Bowe failed to exhaust his administrative remedies and fails to state a claim upon which relief can be granted. Dkt. 7. Bowe alleges facts sufficient to state plausible peer-harassment claims against the District under the Americans with Disabilities Act (ADA), the Rehabilitation Act (RA), Title IX, and the Equal Protection Clause. Bowe was not required to exhaust administrative remedies before filing those claims. Accordingly, the court will deny defendants' motion for the most party. The court will dismiss any direct discrimination claims under the ADA and the RA, and any racial discrimination claim under Title VI. It does not appear that Bowe intends to pursue these claims anyway.

ALLEGATIONS OF FACT

The court draws the following facts from Bowe's complaint, Dkt. 1, and accepts them as true for the purpose of deciding defendants' motion. *Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016).

Connor Bowe is a 20-year-old man with autism. He attended two schools in the Eau Claire Area School District. Oldenberg and O'Reilly were the principals of those schools. Bowe's schoolmates bullied him for many years. They called him names, such as "gay," "queer," "fag," "pussy," "stupid," and "butt boy." Dkt. 1, ¶¶ 12, 13. They shoved him and threw things at him. "At some point prior to" February 2011, *id.* ¶ 11, when Bowe was about to turn 14, O'Reilly and non-party Kevin Stevens, another District official, told some of Bowe's classmates that Bowe suffered from autism. Bowe's parents did not consent to the disclosure of Bowe's disability.

The bullying continued, and in fact grew more serious. Between February 2011 and February 2014, Bowe's classmates called him "stupid," "fat," "weak," "fag," "pussy," "shit stain," and "bubble butt." *Id.* ¶ 12. They accused him of having "mental deficiencies" and told him to "go fucking die." *Id.* They threw things at him, threatened to hurt him, "physically assaulted him," threw eggs at his house, and left a bag of feces at his house. *Id.* Bowe and his parents complained to Oldenberg, O'Reilly, and other District officials about the bullying multiple times a year each year from 2010 to 2015, but no District official took any action to end the bullying. Because of the bullying, Bowe's grades fell significantly and he was prevented from fully participating in some of his classes.

On November 14, 2016, Bowe filed his complaint, claiming that the District violated the ADA and RA by "knowingly allow[ing] a hostile learning environment" and

"intentionally exclud[ing] . . . Bowe from educational opportunities because of his disability" and violated Title VI and Title IX by "allow[ing] a sexually hostile learning environment." Dkt. 1, at 5. He also claimed that O'Reilly and Oldenberg violated the Equal Protection Clause of the Fourteenth Amendment by acting with deliberate indifference to Bowe's complaints of harassment and bullying because of Bowe's gender, because of the perception that he was homosexual, because of the perception that he was autistic, or without any rational basis "to justify the unequal treatment he faced, regardless of his membership in a protected class." *Id.* at 6.

The court has subject matter jurisdiction over Bowe's claims pursuant to 28 U.S.C. § 1331 because they arise under federal law.

ANALYSIS

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to state a plausible claim for relief, that is, facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 826 (7th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court is not bound to accept alleged legal conclusions. *Id.* at 827.

A. ADA and RA claims

Bowe brings peer-harassment claims against the District under the ADA and the RA. To state a claim against the District for "peer-to-peer disability-based harassment under § 504 and the ADA," Bowe must allege that (1) he has a disability, (2) he "was harassed based on that disability," (3) "the harassment was sufficiently severe or pervasive that it altered the condition of his . . . education and created an abusive educational environment,"

(4) the District knew of the harassment, and (5) the District was deliberately indifferent to the harassment. *Werth v. Bd. of Dirs. of Pub. Schs.*, 472 F. Supp. 2d 1113, 1126, 1127 (E.D. Wis. 2007). Defendants do not dispute that Bowe has adequately pleaded facts showing that he has a disability (autism) and that the District knew about the bullying he suffered and was deliberately indifferent to it. But defendants contend that Bowe has not alleged facts sufficient to show that he was harassed based on his disability or that the harassment was sufficiently severe or pervasive.

To satisfy the second element, allegations of harassment are not enough; Bowe must allege that "he was harassed because of his disability." *Id.* at 1128. As defendants recognize, a plaintiff can satisfy this element by pleading a "link" between the harassment and his peers' knowledge of his disability or resentment of his accommodations. *See Carlson v. Carroll Univ.*, No. 09-cv-551, 2011 WL 5921445, at *17 (E.D. Wis. Nov. 28, 2011). Bowe alleges that Stevens and O'Reilly told some of his classmates and their parents about his autism sometime before February 2011 and that his classmates called him "stupid" in December 2010, accused him of having "mental deficiencies" in February 2011, and called him "stupid" again in February 2014. Dkt. 1, ¶ 12. Even if the classmates were unaware of Bowe's official diagnosis, the content of this verbal abuse sufficiently pleads a link between the harassment and Bowe's disability. One may reasonably infer from these allegations that Bowe was harassed on at least three occasions based on his disability, so he has satisfied the second element for purposes of Rule 12(b)(6).

To satisfy the third element, Bowe must allege that the harassment was sufficiently severe or pervasive. The court need not determine whether the three alleged incidents of verbal abuse discussed above are sufficiently severe at the pleading stage because these

incidents did not occur in isolation. Bowe alleges numerous incidents of more generalized harassment, including physical assaults, death threats, and verbal abuse, that occurred during the same time period as the autism-related harassment and that plausibly could have been connected to the autism-related harassment. When some incidents of harassment are alleged to be based on the plaintiff's protected status, the court may consider allegations of other, more generalized harassment when determining whether the alleged harassment is severe enough to state a peer-harassment claim. *See Doe v. Galster*, 768 F.3d 611, 618 (7th Cir. 2014) (analyzing a summary judgment motion on peer-harassment claims under Title VI and Title IX); *Seiwert v. Spencer-Owen Cmty. Sch. Corp.*, 497 F. Supp. 2d 942, 952 (S.D. Ind. 2007) (analyzing summary judgment motion on a peer-harassment claim under the Equal Protection Clause). One may reasonably infer from Bowe's allegations that the totality of the harassment he endured was so severe that it changed the conditions of his education and created an abusive education environment. Bowe has plausibly alleged peer harassment claims under the ADA and RA.

**B. Title IX claim**

Bowe also brings a peer-harassment claim against the District under Title IX of the Education Amendments of 1972. Title IX provides: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

To state a peer-harassment claim against the District under Title IX, Bowe must allege that (1) he was harassed on the basis of sex; (2) the District had "actual knowledge" of the harassment; (3) the harassment was "so severe, pervasive, and objectively offensive that it"

deprived Bowe of access to educational opportunities; and (4) the District was "deliberately indifferent" to the harassment. *Galster*, 768 F.3d at 617 (quoting *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 650 (1999)).

Defendants do not dispute that Bowe has adequately pleaded facts showing that the District knew about the bullying he suffered and was deliberately indifferent to it, but they contend that Bowe has not plausibly alleged that he was harassed on the basis of sex. As both parties recognize, allegations that a plaintiff was "harassed because of a failure to adhere to specific sexual stereotypes" are sufficient to satisfy this element.[1] *Seiwert*, 497 F. Supp. 3d at 953. In *Seiwert*, the plaintiffs adduced evidence that the victim's middle school classmates called him "gay" and "faggot." *Id.* The Southern District of Indiana concluded that the plaintiffs "demonstrated the type of harassment prohibited by Title IX." *Id.* Bowe alleges that his classmates referred to him as "weak" and called him "fag" and "pussy."[2] Dkt. 1, ¶ 12. It is reasonable to infer that the harassment Bowe suffered, just like the verbal abuse in *Seiwert*, was because of his "failure to adhere to traditional male stereotypes." 497 F. Supp. 3d at 953 n.8.

---

[1] The Seventh Circuit, sitting *en banc*, recently held that "a person who alleges that she experienced employment discrimination on the basis of her sexual orientation has put forth a case of sex discrimination for Title VII purposes." *Hively v. Ivy Tech Cmty. Coll. of Ind.*, 15-1720, 2017 WL 1230393, at *9 (7th Cir. Apr. 4, 2017) (en banc). The court need not decide whether Title IX also bars discrimination on the basis of sexual orientation, because Bowe states a claim under the "sexual stereotype" theory.

[2] Defendants argue that the "fag" and "pussy" incidents are not actionable because they occurred before the three-year statute of limitations period for Bowe's Title IX claim, citing *Doe v. Howe Military School*, 227 F.3d 981, 987 (7th Cir. 2000). But *Howe* indicates that the state statute of limitation for personal injury actions applies to Title IX claims, and Wisconsin has a six-year statute of limitations for personal injury actions. *See* Wis. Stat. § 893.53. So they are properly included in the court's analysis.

Defendants cite *Doe v. Galster*, No. 09-cv-1089, 2013 WL 12094815, at *12 (E.D. Wis. June 21, 2013), *aff'd*, 768 F.3d 611 (7th Cir. 2013), for the proposition that students' use of words like "bitch," "pussy," and "slut" does not amount to sex-based harassment. But on appeal, the Seventh Circuit specifically noted that it was "not as convinced" as the district court that these gendered words did not amount to harassment based on gender, and affirmed the district court's grant of summary judgment on other grounds. *Galster*, 768 F.3d at 617. As defendants point out, whether the use of "gendered words like bitch and whore" by young children constitutes sexual harassment under Title IX is a "subtle" issue. *Id.* But the cases defendants cite show that the use of such words by middle- and high-school students may constitute sexual harassment. *See, e.g.*, *N.K. v. St. Mary's Springs Academy of Fond Du Lac Wis., Inc.*, 965 F. Supp. 2d 1025, 1034 (E.D. Wis. 2013) (concluding that middle schoolers' use of "fag" and "faggot" may constitute discrimination under Title IX). And here, the consistent pattern of gender stereotype slurs alleged by Bowe makes it easy to infer that his classmates harassed him because of his failure to adhere to traditional gender stereotypes. For purposes of Rule 12(b)(6), Bowe has plausibly alleged a peer-harassment claim under Title IX.

## C. Equal protection claims

Bowe brings claims against O'Reilly and Oldenberg under 42 U.S.C. § 1983, alleging violations of the Equal Protection Clause of the Fourteenth Amendment. An ordinary equal protection claim alleges that the plaintiff has been denied equal treatment because of his membership in an "identifiable group." *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008). But Bowe does not allege that he is a member of such a group. Instead, he attempts to bring a class-of-one equal protection claim. The required elements of such claims are not

entirely clear, as explained in *Del Marcelle v. Brown County Corp.*, 680 F.3d 887, 891 (7th Cir. 2012) (affirming dismissal of a class-of-one claim by an evenly divided court). To state a class-of-one claim, Bowe must allege, at a minimum, (1) that defendants intentionally treated him differently from others similarly situated and (2) that there was no rational basis for the difference in treatment. It is an open question whether Bowe must also allege that the differential treatment was not merely arbitrary, but motivated by an improper purpose or "reasons of a personal character." *Id.* at 893, 893, 899 (Posner, J., plurality opinion); *see id.* at 917 (Wood, J., dissenting).

Here, defendants challenge only the first element of a class-of-one claim, contending that Bowe does not allege that he was treated differently from others similarly situated. But "[p]laintiffs alleging class-of-one equal protection claims do not need to identify specific examples of similarly situated persons in their complaints," at least when the complaint does not otherwise reveal a rational basis for the difference in treatment. *Miller v. City of Monona*, 784 F.3d 1113, 1120 (7th Cir. 2015) (quoting *Capra v. Cook Cty. Bd. of Review*, 733 F.3d 705, 717 (7th Cir. 2013)) (alteration in original). Bowe alleges that O'Reilly and Oldenberg knew about the ongoing harassment but took no action to stop it. Taking these allegations as true, there is no rational basis for their treatment of Bowe. So Bowe's equal protection claims will survive defendants' motion to dismiss.

D. **Failure to exhaust**

Defendants also contend that all of Bowe's claims must be dismissed because he fails to allege that he exhausted his administrative remedies under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.* The IDEA requires school districts to provide a free appropriate public education (FAPE) to each child with disabilities by developing an

individualized education plan (IEP). It also establishes administrative procedures for resolving disputes between pupils and school representatives. *See* § 1415. A plaintiff must exhaust those administrative procedures before bringing suit under the IDEA in state or federal court. § 1415(i)(2)(A). The IDEA is not the exclusive avenue through which a child with a disability may challenge the adequacy of his education; plaintiffs may assert claims against school representatives under other statutes and the Constitution, too. *See Fry v. Napoleon Cmty. Schs.*, 137 S. Ct. 743, 750 (2017). But when a plaintiff "seek[s] relief that is also available under" the IDEA—that is, relief for the denial of a FAPE—he must exhaust the IDEA's administrative procedures before bringing suit, regardless of the law he sues under. *Id.* at 752; *see* § 1415(*l*). When a plaintiff seeks relief that is *not* available under the IDEA—that is, when "the remedy sought is not for the denial of a FAPE"—he need not exhaust the IDEA's procedures, even if "the suit arises directly from a school's treatment of a child with a disability—and so could be said to relate in some way to [his] education." *Fry*, 137 S. Ct. at 754.

Defendants contend that Bowe seeks relief also available under the IDEA, so the court must dismiss his case because he fails to allege exhaustion of IDEA's administrative remedies. Although exhaustion of administrative remedies is an affirmative defense, not a barrier to jurisdiction or an element of a claim, *Mosely v. Bd. of Educ.*, 434 F.3d 527, 533, 535 (7th Cir. 2006), the court will address defendants' contention in their Rule 12(b)(6) motion because Bowe's allegations make clear that he does not seek relief also available under the IDEA, so he need not have exhausted his administrative remedies before filing suit. "[I]n determining whether a suit indeed 'seeks' relief for [the denial of a FAPE], a court should look to the substance, or gravamen, of the plaintiff's complaint." *Fry*, 137 S. Ct. at 752. If the claim

9

could have been brought in a situation in which there is no obligation to provide a FAPE, then the claim does not seek relief for the denial of a FAPE. *See id.* at 756.

Here, Bowe's claims could have been brought in a situation in which there is no obligation to provide a FAPE. Bowe could bring his Title IX claim against the District even if he were not disabled, and therefore not entitled to the IEP that the IDEA provides. Likewise, Bowe could bring his equal protection claims against Oldenberg and O'Reilly even if he were not a student, let alone a disabled student. And although having a disability is an element of Bowe's ADA and RA claims, he could bring these claims against the District even if he were an adult employee, not a student. *See Mannie v. Potter*, 394 F.3d 977, 982 (7th Cir. 2005); *Silk v. City of Chicago*, 194 F.3d 788, 804 (7th Cir. 1999).[3] The peer harassment that Bowe alleges is a general-purpose barrier to all of the benefits of school, not just the custom-designed IEP that the IDEA provides. So the relief Bowe seeks is not for the denial of a FAPE, but rather the denial of a harassment-free environment to which *all* students and employees are entitled. The mere fact that Bowe's claims concern a school environment does not mean that he seeks relief for the denial of a FAPE. *See Fry*, 137 S. Ct. at 758. Because none of Bowe's claims seek relief for the denial of a FAPE, he need not have exhausted the IDEA's administrative procedures before filing suit.

---

[3] The Seventh Circuit, like most circuits, assumes that an employee whose employer is negligent to the disability-based harassment he suffers in the workplace may assert a "hostile work environment" claim against his employer under the ADA and RA. *See Silk*, 194 F.3d at 804. Some circuits have gone further, explicitly recognizing a hostile work environment claim under the ADA. *See Flowers v. S. Reg'l Physician Servs., Inc.*, 247 F.3d 229, 233 (5th Cir. 2001); *Fox v. Gen. Motors Corp.*, 247 F.3d 169, 172 (4th Cir. 2001).

### E. Waived claims

Finally, defendants read Bowe's complaint as attempting to bring direct disability discrimination claims under the ADA and RA and racial discrimination claims under Title VI. Bowe made no argument in support of those claims in response to defendants' motion, so even if his complaint stated claims for relief under these legal theories, he has waived them. Therefore, the court will grant defendants' motion to dismiss as to Bowe's direct disability discrimination claims and Title VI claims.

One final note. In his response brief, Bowe asks the court to allow him leave to amend his complaint to correct any pleading deficiencies or to dismiss his claims without prejudice. Amendment appears unnecessary in this case, as the only dismissed claims are those that it appears Bowe did not intend to plead. But even if Bowe still wished to amend, I would deny his request because he has not actually moved for leave to amend, nor has he explained how any amendment could cure the flaws in his complaint. When a plaintiff makes "no suggestions at all about how he would cure the complaint's deficiencies," a court may deny him leave to amend his complaint. *Charleston v. Bd. of Trs. of Univ. of Ill. at Chi.*, 741 F.3d 769, 777 (7th Cir. 2013). So the court will not allow Bowe to amend his complaint. Nor will the court dismiss Bowe's claims without prejudice, as "[a] dismissal for failure to state a claim is a dismissal on the merits . . . and a dismissal on the merits is normally with prejudice." *Kamelgard v. Macura*, 585 F.3d 334, 339 (7th Cir. 2009).

### ORDER

IT IS ORDERED that defendants Eau Claire Area School District, David Oldenberg, and Tim O'Reilly's motion to dismiss, Dkt. 7, is GRANTED in part and DENIED in part,

consistent with the opinion above. Plaintiff Connor Bowe's direct disability claims under the ADA and RA and racial discrimination claims under Title VI are dismissed with prejudice.

Entered April 24, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge