IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CONNOR BOWE,

                    Plaintiff,

v.                                                          ORDER

EAU CLAIRE AREA SCHOOL DISTRICT,            16-cv-746-jdp
DAVID OLDENBERG, and TIM O'REILLY,

                    Defendants.

---

Defendants move the court for reconsideration of its April 24, 2017 opinion, Dkt. 20, under Federal Rule of Civil Procedure 59(e). Dkt. 22. "A Rule 59(e) motion will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.2d 587, 598 (7th Cir. 2012)). Here, defendants contend that the court committed a manifest error of law. They argue that *Doe v. Howe Military School*, 227 F.3d 981 (7th Cir. 2000), requires courts to apply the state statute for personal injury actions to Title IX claims and that the court erred in applying Wis. Stat. § 893.53, which proscribes a six-year limitations period for "injury to character or other rights," instead of Wis. Stat. § 893.54, which proscribes a three-year limitations period for "injury to the person," to plaintiff Connor Bowe's Title IX claims. But because *Howe* does not require application of § 893.54 and instead supports the court's decision to apply § 893.53, the court will deny defendants' motion.

When a federal law does not contain an express statute of limitations, federal courts must "'borrow' the most suitable statute or other rule of timeliness from some other source.

[The Supreme Court has] generally concluded that Congress intended that the courts apply the most closely analogous statute of limitations under state law." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 158 (1983). Title IX is one such law; another is 42 U.S.C. § 1983. When it comes to § 1983 claims, the most analogous statue statute of limitations is the general or residual personal injury statute of limitations. *Owens v. Okure*, 488 U.S. 235, 242-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276-79 (1985). Lower courts have concluded that the personal injury statute of limitations is the most analogous state statute of limitations for Title IX claims, too, *see, e.g.*, *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 729 (6th Cir. 1996), and the Seventh Circuit has followed suit. *See Cetin v. Purdue Univ.*, 94 F.3d 647, 1996 WL 453229, at *2 (7th Cir. Aug. 7, 1996).

So as a rule, you apply the state personal injury statute of limitations to § 1983 and Title IX claims. Presumably, the district court in *Howe* followed that rule when it applied Indiana's statute of limitations for "injuries to the person or character" to the plaintiff's Title IX claim.[1] 227 F.3d at 988. But it's not so easy for federal courts sitting in Wisconsin to apply this rule, because unlike most states, Wisconsin "has two different statute[s] of limitations for injuries to the person": one for "injury to the person," § 893.54; and one for "injury to character or other rights," § 893.53. *Gray v. Lacke*, 885 F.2d 399, 407 (7th Cir. 1989). In *Gray*, the Seventh Circuit determined that § 893.53, the statute of limitations for "injury to character or other rights," is the general or residual personal injury statute of limitations in Wisconsin, so under *Owens* and *Wilson*, "federal courts sitting in Wisconsin should apply [§ 893.53] to § 1983 actions." *Id.* Defendants identify no reason why Title IX claims should be treated differently,

---

[1] The Seventh Circuit did "not address whether that ruling was correct," 227 F.3d at 989, so *Howe* is not binding on this issue.

and the court can think of none. The court did not err in applying § 893.53 to Bowe's Title IX claims, so it will deny defendants' motion.

ORDER

IT IS ORDERED that defendants Eau Claire Area School District, David Oldenberg, and Tim O'Reilly's motion for reconsideration, Dkt. 22, is DENIED.

Entered May 25, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge